**07 CV 3873**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FRANCISCO ORTEGA,

                Plaintiff,

    -against-

200 EAST PARKING CORP. a New York
corporation and IMPERIAL PARKING
SYSTEMS, INC., a New York corporation,

                Defendants.
-------------------------------------------------------X

**JUDGE PATTERSON**

**COMPLAINT AND JURY DEMAND**

MAY 17 2007

## NATURE OF THE ACTION

1. Plaintiff alleges that he is: (i) entitled to unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2. Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is entitled to unpaid overtime wages from Defendants for his work beyond 40 hours per week; unpaid spread of hours payments from Defendants for each day he worked 10 or more hours; liquidated damages equal to 25 percent of his unpaid minimum and overtime wages; and attorneys fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law

1

claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in this district pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, Francisco Ortega, at all relevant times, was an adult individual, residing in New York County.

7. Upon information and belief, Defendant 200 East Parking Corp. is a New York corporation with its principal place of business in New York County.

8. Upon information and belief, Defendant Imperial Parking Systems, Inc. is a New York corporation with its principal place of business in New York County.

## STATEMENT OF FACTS

9. At all relevant times, Plaintiff was employed as a parking lot attendant for Defendants.

10. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times his regular hourly rate, and for an extra hour in each day Plaintiff worked over ten or more hours, in violation of the FLSA and the New York Labor Law.

11. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiff's own employment, while Defendants employed Plaintiff

the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

12.     Plaintiff realleges and incorporates by reference paragraphs 1 through 11 as if they were set forth again herein.

13.     At all relevant times, Defendants have been, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

14.     At all relevant times, Defendants employed, and/or continue to employ, Plaintiff within the meaning of the FLSA.

15.     Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

16.     At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to its Plaintiff for his hours worked in excess of forty hours per workweek.

17.     As a result of the Defendants' willful failure to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

18. As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

19. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

20. Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF: NEW YORK LABOR LAW

21. Plaintiff realleges and incorporates by reference paragraphs 1 through 20 as if they were set forth again herein.

22. At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

23. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of 40 hours per workweek, and an additional hour of pay for each hour worked in excess of ten hours in one day, in violation of the New York Labor Law and its regulations.

24. The Defendants' New York Labor Law violations have caused Plaintiff irreparable harm for which there is no adequate remedy at law.

25. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1)

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

d. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the New York Labor Law.

5

f.  An award of prejudgment and postjudgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.  Such other and further relief as this Court deems just and proper.

### DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       May 16, 2007

By: _____
    Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
222 Broadway, 19th Floor
New York, New York 10038
Telephone: (212) 860-9169
Facsimile: (917) 421-9387

**ATTORNEYS FOR PLAINTIFF**