UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE NO.: 07-CV-3873
(RPP)(GWG)

FRANCISCO ORTEGA

    Plaintiff,

v.

200 EAST PARKING CORP., a New York
corporation, and IMPERIAL PARKING
SYSTEMS, INC., a New York corporation,

    Defendants.

_____/

**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' THIRD, FIFTH, AND SEVENTH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND <u>INCORPORATED MEMORANDUM OF LAW</u>**

    Pursuant to the Federal Rules of Civil Procedure and Local Rules for the Southern District of New York, Plaintiff, FRANCISCO ORTEGA ("Plaintiff"), requests the entry of an Order striking Defendants' Third, Fifth, and Seventh Affirmative Defenses to Plaintiff's Complaint and states:

    1. Plaintiff brings this action for unpaid overtime and liquidated damages under the Fair Labor Standards Act, as amended, 29 U.S.C. §216(b) ("FLSA"), and New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq., (collectively, "NYLL").

    2. Specifically, Plaintiff asserts that Defendants failed to pay Plaintiff time and one-half wages for the hours he worked in excess of forty in one or more workweeks during his employment with Defendants, as well as failed to compensate him for spread of

hours, resulting in a violation of the FLSA's minimum wage laws.

3. Defendants' Third Affirmative Defense to Plaintiff's Complaint states that: "Plaintiff's claim is barred by waiver and estoppel." Defendants' Answer and Affirmative Defenses at p. 3. These affirmative defenses must be stricken because waiver and estoppel are not recognized as defenses under the FLSA.

4. Defendants' Fifth Affirmative Defense to Plaintiff's Complaint states that: "Plaintiff failed to exhaust administrative remedies." Defendant's Answer and Affirmative Defenses at p. 3. This affirmative defense must be stricken; only plaintiffs who are subject to a collective bargaining agreement or are asserting claims under NYLL Art. 8, §220 are required to seek an administrative remedy before filing suit.

5. Defendants' Seventh Affirmative Defense to Plaintiff's Complaint states that: "This action is barred by another action pending." Defendant failed to specify this alleged action; because this case represents the only action for unpaid wages between Plaintiff and Defendant, it cannot be barred by any pending action.

6. WHEREFORE, Plaintiff, FRANCISCO ORTEGA, requests the entry of an Order striking Defendants' Third, Fifth, and Seventh Affirmative Defenses to Plaintiff's Complaint.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 12(f) provides:

> Upon Motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon Motion made by a party within twenty (20) days after the service of the pleading upon the party or upon the Court's own initiative at any time, ***the court may order stricken from any pleading any insufficient defense*** or any redundant, immaterial, impertinent, or scandalous matter.

(emphasis added). Defendants' Answer and Affirmative Defenses is a pleading within the

2

meaning of Rules 12(a) and (b) of the Federal Rules of Civil Procedure. As explained below, the following defenses asserted by Defendant--waiver, estoppel, failure to exhaust administrative remedies, and action barred by action currently pending--are legally insufficient and thus appropriate to strike from the pleadings.

### 1. Waiver

As a matter of law, one cannot waive, release, or compromise his or her rights under the FLSA. *See Rogers v. City of Troy*, 148 F.3d 52 (2d Cir. 1998) (quoting *Brooklyn Savings Bank v. O-Neill,* 324 U.S. 697, 706-07 (1945) that the right to liquidated damages cannot be waived by the employee); *see also Simel v. JP Morgan Chase*, 2007 U.S. Dist. LEXIS 18693 (S.D.N.Y. 2007); *Tho Dihn Tran v. Alphonse Hotel Corp.,* 281 F.3d 23 (2d Cir. 2002); *American Broadcasting Cos. v. Roberts*, 93 A.D.2d 296 (S.Ct. 1983) ("the U.S. Supreme Court has consistently held that the substantive provisions of ... the Fair Labor Standards Act (FLSA) cannot be waived"). Similarly, in Tyler v. City of New York, 179 L.R.R.M. 3188 (E.D.N.Y. 2006), the court held that it is beyond question that Fair Labor Standards Act rights are unwaivable. *See id.* Based on the above precedent, Defendants' defense of waiver in the instant matter must be stricken as a matter of law.

### 2. Estoppel

Similarly, an employee's rights under the FLSA are not subject to the defense of estoppel. In *Caserta v. Home Lines Agency, Inc.,* 273 F. 2d 943, 946 (2d Cir. 1959), the court stated:

> Appellant's argument of estoppel ignores that this case lies in an area where agreements and other acts that would normally have controlling legal significance are overcome by Congressional policy. An agreement by appellee not to claim overtime pay for the work here in question would be no defense to his later demanding it [citations omitted]. Similarly, an express release by the employee is invalid, and this is even though the release is limited to the claims for liquidated

3

damages and was made in settlement of a bona fide dispute [citations omitted]. Other courts repeatedly have rejected or severely limited the defense of estoppel in the context of an FLSA claim. *See Burry v. National Trailer Convoy, Inc.,* 338 F. 2d 422 (6th Cir. 1964); *Handler v. Thrasher,* 191 F. 2d 120 (10th Cir. 1951); *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108, 114-15 (1946) ("neither wages nor the damages for withholding them are capable of reduction by compromise" under the FLSA). Recently in *McGlothan v. Walmart Stores, Inc*., 2006 U.S. Dist. LEXIS 39208 (2006), the Middle District of Florida held that estoppel was available as an affirmative defense to an FLSA claim *only* when the employee has purposely mislead the employer regarding th0e number of hours worked, and where the employer had no knowledge of the employee's actual hours. Such is not the case here. Accordingly, Defendants' affirmative defense of estoppel in the instant matter must also be stricken.

### 3.     **Failure to Exhaust Administrative Remedies**

An employee's failure to exhaust administrative remedies prior to bringing suit is a legitimate affirmative defense only when a collective bargaining agreement or statute provides for arbitration or other grievance procedures. *See Tand v. Solomon Schechter Day Sch.,* 324 F. Supp. 2d 379 (E.D.N.Y. 2004); *Tyler v. City of New York*, 179 L.R.R.M. 3188 (E.D.N.Y. 2006). Claims asserted under NYLL Art. 8, §220 (relating to public employees) are also subject to administrative proceedings before a lawsuit may be brought. *See Samborski v. Linear Abatement Corp.,* 5 Wage & Hour Cas. 2d (BNA) 253 (S.D.N.Y. 1998); *Pesantez v. Boyle Envtl. Servs., Inc*., 251 A.D.2d 11 (1st Dept. 1998) ("a private right of action for unpaid wages under NYLL §220 does not exist until there has been an administrative determination pursuant to § 220(8) that either has gone unreviewed or been

affirmed in the claimants-employees' favor"). However, because Plaintiff was neither party to a collective bargaining agreement nor asserts his claims under NYLL Art. 8, §220 (as a public employee), he was under no duty to seek an administrative remedy. Therefore, this affirmative defense must be denied as a matter of law.

### 4. Action Barred By Another Pending Action

The pending action referenced as an affirmative defense is an action for unpaid wages brought by another employee against the Defendant. The party bringing this second action is currently attempting to have it certified as a collective action under the FLSA and a class action under New York law. Plaintiff has not sought nor will he seek to join this or any other collective action against Defendant. Joining a collective action against defendant would indeed render this case moot; however, a district court has a "virtually unflagging obligation" to exercise its jurisdiction, and should abstain only where state and federal proceedings are "concurrent" and "exceptional circumstances" exist. *Resolution Trust Corp. v. Hidden Ponds Phase IV Dev. Assocs.*, 873 F. Supp. 799, 806 (E.D.N.Y. 1995); *see also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 at 813 (1976).

Where the proceedings are concurrent, a court should determine whether "exceptional circumstances" exist by examining six factors: (1) assumption of jurisdiction over a res; (2) inconvenience of the federal forum; (3) avoidance of piecemeal litigation; (4) order in which the actions were filed; (5) the law that provides the rule of decision in the federal case; and (6) protection of the federal plaintiff's rights. *See Moses H. Cone*, 460 U.S. at 16-19; *De Cisneros v. Younger*, 871 F.2d 305, 307 (2d Cir. 1989). Because Plaintiff's action was filed first, because he has no interest or stake in the concurrent suit

5

against Defendant, and because barring this action would impermissibly interfere with his right to seek relief from Defendant, this affirmative defense must be denied.  There are no "exceptional circumstances" in this case that would justify barring Plaintiff's claims.

## CONCLUSION

The affirmative defenses alleged by Defendant which are the subject of this Motion do not exist to oppose claims made under the FLSA. As a matter of both law and fact, these defenses are legally and factually insufficient and there exists no set of facts which Defendant can establish to support such defenses. Thus, these defenses should be stricken.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been sent via facsimile and U.S. Mail to 200 EAST PARKING CORP. and IMPERIAL PARKING SYSTEMS, INC., at 90 Merrick Avenue, East Meadow, NY 11554, this 6th day of August  2007.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 W 14th Street, 5th Floor
New York, NY  10011
Tel: 212.860.9169
Fax: 917.421.9387
E-Mail: **jazeller@zellerlegal.com**

**/s JUSTIN A. ZELLER**
JUSTIN A. ZELLER
(JZ 7094)